**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

VANNIE ADKINS,

           Plaintiff,

v.                                        CIVIL ACTION NO. 5:09-cv-00405

WELLS FARGO FINANCIAL
WEST VIRGINIA, INC.,

           Defendant.

**MEMORANDUM OPINION AND REMAND ORDER**

Pending before the Court is Plaintiff's Motion to Remand [Docket 5]. This case originally was filed in the Circuit Court of Raleigh County, West Virginia, on March 19, 2009. Defendant removed the case to this Court on April 22, 2009, on the basis of diversity jurisdiction. Plaintiff now seeks a remand of the case back to the Circuit Court of Raleigh County on the grounds that the amount-in-controversy requirement has not been met, and an award of attorney fees and costs associated with the preparation and filing of the motion to remand on the basis that the case was improperly removed.

*I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

This case arises out of a number of alleged violations of the West Virginia Consumer Credit and Protection Act (WVCCPA), W. Va. Code §§ 46A-1-101, *et seq.* Specifically, Plaintiff alleges that after she "became in arrears upon the alleged indebtedness to the Defendant, Wells Fargo, the Defendant began to engage in collection of such indebtedness through the use of telephone calls

placed to Plaintiff and through the United States Mail." (Docket 1-2 ¶ 5.) Plaintiff further alleges that "Defendant continued to cause telephone calls to be placed to the Plaintiff's residence and otherwise communicated with the Plaintiff after it appeared the Plaintiff was represented by an attorney and the attorney's name and address were known or could be reasonably ascertained." (*Id.* ¶ 8.)

Based on that conduct, Plaintiff filed the instant lawsuit alleging "repeated violations" of the WVCCPA, negligence, intentional infliction of emotional distress, and invasion of privacy. (*Id.* ¶¶ 12–26.) Plaintiff seeks the following damages:

a. Actual damages for the past and future violations of the WVCCPA as authorized by West Virginia Code § 46A-5-101(1);

b. Statutory damages in the maximum amount authorized by West Virginia Code § 46A-5-101(1) as adjusted for inflation pursuant to West Virginia Code § 46A-5-106;

c. Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to West Virginia Code § 46A-5-104;

d. That the Court conclude, as a matter of law, that Defendant's violations of the WVCCPA were "willful violations" pursuant to West Virginia Code § 46A-5-105 and that the Court order that any alleged debt be canceled;

e. The Plaintiff be awarded general damages for the Defendant's past and future negligence as alleged in Count II of the Complaint;

f. The Plaintiff be granted general damages and punitive damages for Defendant's past and future conduct alleged in Count[s] III and IV; and

g. Such other relief as the Court shall deem [just] and proper under the attendant circumstances.

(*Id.* at 10.) On April 20, 2009, Plaintiff filed a Stipulation [Docket 8-2], signed by Plaintiff and notarized, that states: "Plaintiff herein shall neither seek [n]or accept an amount equal to or greater than $74,000.00 in this case, excluding interest and costs." (Docket 8-2.)

2

Defendant filed its Notice of Removal [Docket 1] on April 22, 2009, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. In its notice, Defendant contends that the amount-in-controversy requirement is met "because the potential amount of actual damages combined with punitive damages, statutory damages, and attorney fees exceeds the minimum amount [of $75,000] required for removal." (Docket 1 ¶ 13.) Defendant arrives at this amount by assuming that Plaintiff is claiming at least six violations of the WVCCPA, at a maximum statutory penalty of $4,194 per violation, for a total of $25,164 in statutory damages. (*Id.* ¶¶ 17–20.) Defendant then adds to that total $25,000 in attorney's fees, and assumes $2,483.60 in actual damages plus $22,352.40—a single-digit multiplier of nine times the amount of actual damages—in punitive damages to put Plaintiff's claims over the $75,000 mark "without consideration to the Plaintiff's claims for negligence." (*Id.* ¶ 29.)

Plaintiff filed her motion to remand on April 29, 2009, on the basis that her pre-removal Stipulation to damages in an amount less than $74,000 precludes federal jurisdiction in this case. That motion has been fully briefed and is now ripe for the Court's consideration.

## II. APPLICABLE LAW

United States "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a). Generally, the party seeking removal bears the burden of showing that federal jurisdiction exists. *Mulcahey v. Columbia*

*Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand.  *Id.*

Where a complaint does not request a specific amount of damages, courts may require a removing defendant to establish the jurisdictional amount.  *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 23 (S.D. W. Va. 1994) (Faber, J.).  "[I]n such circumstances, . . . the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue."  *Id.*  When "[a] defendant . . . removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, [the defendant] must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount."  *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (Copenhaver, J.).

The Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia provide that "stipulations under the Federal Rules of Civil Procedure and these Local Rules of Civil Procedure must be in writing, signed by the parties making them or their counsel, and promptly filed with the clerk."  L.R. Civ. P. 11.2.  However, when a plaintiff files a unilateral stipulation with the intent to defeat federal jurisdiction, this Court's rule "requires a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery."  *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001) (Haden, C.J.).  "The stipulation should be filed contemporaneously with the complaint, which also should contain the sum-certain prayer for relief."  *Id.* at 486.  The purpose of this rule, as articulated by the late Chief Judge Haden, is to "alleviate unseemly forum gaming" that may occur when a plaintiff is permitted to file such stipulations after a case is removed.  *Id.*

### *III. ANALYSIS*

Here, Plaintiff's Stipulation [Docket 8-2] does not meet the standard articulated in *McCoy*. Although, as the Local Rule requires, the Stipulation is signed by Plaintiff, notarized, and filed with the clerk, it was neither signed by Plaintiff's counsel nor filed contemporaneously with the complaint.  Rather, it was filed on April 20, 2009, more than twenty days after the complaint—which does not contain a sum-certain prayer for relief—was filed in the Circuit Court of Raleigh County.  Thus, the Stipulation is insufficient to limit the amount in controversy such that the Court would be divested of jurisdiction. Having determined that the Stipulation was insufficient, the Court declines to award attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). *See Consol Energy, Inc. v. Corley*, No. 5:08CV82, 2008 WL 4610329, *4 (N.D. W. Va. Oct. 15, 2008) (declining to award fees and costs where the plaintiff "asserted at least a colorable claim to removal jurisdiction").

However, the inquiry does not end there.  While Plaintiff does not expressly contest Defendant's itemization of damages, the Court nevertheless examines that issue *sua sponte*. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Although Defendant has properly alleged the existence of federal jurisdiction, it is also required to prove by a preponderance of the evidence that jurisdiction exists. *Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp. 2d 633, 636–37 (S.D. W. Va. 2009) (Johnston, J.).  Defendant has not met its burden.

First, Defendant erroneously assumes that Plaintiff alleges six violations of the WVCCPA. However, there is no evidence in the record as to the exact number of violations Plaintiff is claiming. Although Defendant carefully reasons that Plaintiff's use of the plural nouns "calls" and

5

"conversations" indicate that Plaintiff is alleging at least two violations of each section, there is simply no evidence to support that reasoning. (Docket 1 ¶¶ 17–20.) Moreover, Defendant admits that "it is impossible to say precisely what attorney's fees in this case will be," thus undermining its own assertion that $25,000 is an appropriate estimate. (*Id.* ¶ 23.) Finally, Defendant "assumes" an award of $2,483.60 in actual damages and an award of nine times that amount, $22,352.40, in punitive damages, to arrive at the threshold amount. However, at the time of removal there was no evidence in the record regarding any actual damages sustained by Plaintiff that would support an award of any amount. Thus, without evidence to support any portion of its itemization of damages, Defendant has not met its burden of proving that federal jurisdiction exists. Accordingly, the Court must remand the case to the Circuit Court of Raleigh County.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand [Docket 6] is **GRANTED**. The case is hereby **REMANDED** to the Circuit Court of Raleigh County, West Virginia, and Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of the Court of Raleigh County.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     June 15, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE